# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROBERT BLOOM, as Trustee of the
Robert A. Bloom Trust u/a/d
March 5, 2002,

    Plaintiff/Counter-Defendant,

v.                                                  Case No. 24-11207
                                                      Hon. Jonathan J.C. Grey

SSI HOLDCO, LLC, a Michigan
limited liability company,

    Defendant/Counter-Plaintiff, and

CHAD FIETSAM,

    Defendant,

v.

ROBERT BLOOM,

    Third Party Counter-Defendant.

_____/

## OPINION AND ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (ECF No. 28)

## I. INTRODUCTION

On April 10, 2025, Plaintiff/Counter-Defendant Robert Bloom ("Bloom"), as trustee of the Robert A. Bloom Trust (the "trust"), filed this motion for leave to file a second amended complaint. (ECF No. 28.) The

motion is fully briefed. (ECF Nos. 27–28.) The Court finds that oral argument will not aid in its disposition of the motion; therefore, it dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).

For the reasons stated below, the motion for leave to amend is **GRANTED**.

**II. BACKGROUND**

SSI Holdco, LLC ("Holdco") is a single purpose limited liability company established for the purpose of acquiring the stock of SSI Technology, Inc. (the "Company"), formerly owned by the trust. (ECF No. 28-2, PageID.405.) Bloom, as trustee of the trust, and Fietsam, on behalf of Holdco, signed a stock purchase agreement (the "SPA") memorializing Holdco's acquisition of the Company. (*See* ECF No. 9-3.) The purchase price for the stock of the Company was $4,500,000.00, less the closing loan amount. (*Id.*) Additionally, Bloom, as trustee, and Fietsam, on behalf of Holdco, executed a secured promissory note (the "note"), whereby Holdco agreed to pay the purchase price for the stock of the Company in increments, with the first payment of $500,000.00 due on or before May 1, 2024. (*See* ECF No. 9-2.) Among other claims, Bloom

alleges that the note was breached due to Holdco's failure to make the required payments. (ECF No. 28-2, PageID.412.)

Bloom's proposed amended complaint adds Count IV, titled "Pierce the Corporate Veil – Breach of Contract – Fietsam." Fietsam opposes this amendment on three grounds: (1) undue delay, (2) futility, and (3) potential double recovery due to similar state court proceedings.

### III. LEGAL STANDARD

#### A. Rule 15(a)

The Court should freely grant leave to amend a pleading when justice so requires. Fed. R. Civ. P. 15(a)(2). The Court, however, should deny leave "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) (citation omitted). A proposed amendment is futile where it could not withstand a Rule 12(b)(6) motion to dismiss. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005).

#### B. Rule 12(b)(6)

The Court may grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) if the complaint fails to allege facts sufficient to

3

"state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). When assessing a motion to dismiss under Rule 12(b)(6), the Court must give the plaintiff the benefit of the doubt and must accept all the complaint's factual allegations as true. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).

However, the Court will not presume the truth of any legal conclusions stated in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the pleaded facts do not raise a right to relief, the Court must grant the motion to dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

In reviewing a motion to dismiss, the court may consider "any exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).

## IV. ANALYSIS

### A. Bad Faith, Undue Delay, and Prejudice

Fietsam does not contend, and the record does not evidence, that

Bloom's motion to amend was filed in bad faith. Thus, the Court only addresses whether to deny the motion based on undue delay and prejudice.

As conceded by Fietsam, delay, alone, is an insufficient basis to deny an amendment. *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458 (6th Cir. 2001) (citations omitted). "At least some significant showing of prejudice [is required] to deny a motion to amend based solely upon delay." *Church Joint Venture, L.P. v. Blasingame*, 947 F.3d 925, 934 (6th Cir. 2020) (citations and internal quotation makes omitted). For example, "[a]llowing an amendment after discovery is closed and summary judgment motions are fully briefed imposes significant prejudice on defendants." *Id.* (citations and internal quotation makes omitted). "The longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Id.* (citations and internal quotation makes omitted).

While Fietsam accurately recounts the procedural history of this case, highlighting that Bloom filed this motion to amend nine months after filing the first amended complaint, Fietsam fails to acknowledge that this case is still in the pleading stages. When Bloom filed this

5

motion, Fietsam had not yet answered the operative complaint, no scheduling order had been issued, no initial disclosures had been exchanged, and discovery had not yet commenced. Considering the early stage of the case, Bloom contends that Fietsam will suffer no prejudice, and Fietsam does *not* dispute this. Presented with *no evidence* of potential prejudice and considering that this case is still in the early stages of litigation, the Court finds no procedural basis to deny Bloom's motion seeking to amend the complaint.

### B. Futility

Under Michigan law, "there is a presumption that the corporate form will be respected." *Servo Kinetics, Inc. v. Tokyo Precision Instruments Co.*, 475 F.3d 783, 798 (6th Cir. 2007) (citation omitted). "Michigan courts will not pierce the corporate veil unless (1) the corporate entity was a mere instrumentality of another entity or individual; (2) the corporate entity was used to commit a fraud or wrong; and (3) the plaintiff suffered an unjust loss." *EPLET, LLC v. DTE Pontiac N., LLC*, 984 F.3d 493, 499 (6th Cir. 2021) (citation omitted).

Fietsam argues that the amendment is futile because Bloom's alter ego allegations amount to "bald assertions [that] do not pass muster

under Fed. R. Civ. P. 8." (ECF No. 31, PageID.477.) The Court thus analyzes whether Bloom pleaded sufficient allegations to support piercing the corporate veil under Michigan law.

As to the first factor, Bloom alleges that Fietsam is the organizer and/or sole member of Holdco and that Holdco has no assets nor employees. (ECF No. 28-2, PageID.405–406.) Accordingly, "at all relevant times, [Fietsam] exercised total control over … Holdco." (ECF No. 28-2, PageID.416.) Bloom further alleges that Fietsam (1) commingled his personal assets with Holdco, and (2) "improperly transferred funds between the bank accounts of Holdco, the Company and/or their personal accounts." (*Id.*, PageID.411.) These allegations, taken as true, show that Fietsam did *not* treat Holdco as a separate entity. Thus, the Court finds the complaint alleges sufficient facts to show that Holdco was a mere instrumentality of Fietsam.

Next, the complaint asserts that the SPA, which was signed by Bloom and Fietsam, on behalf of Holdco, warranted that Holdco "was fully capitalized and could pay all of its debts as they become due and owing." (ECF No. 28-2, PageID.407–408.) Pursuant to the note, also signed by Bloom and Fietsam, the parties agreed that, upon Holdco's

7

acquisition of the Company, Holdco would make installment payments to Bloom. (*Id*; ECF No. 9-2, PageID.108.) Despite these warranties and agreements, Fietsam failed to capitalize Holdco and used Holdco's corporate form to avoid the legal obligation of paying Bloom. (ECF No. 28-2, PageID.416–417.) These allegations, accepted as true, would establish that Fietsam used Holdco to commit a wrong or fraud. That is, Fietsam knew that Holdco would be indebted to Bloom, but because Fietsam never capitalized Holdco, Holdco was unable to pay its debt to Bloom when it became due.

Finally, Bloom alleges that the breach of contract, perpetrated by Fietsam through Holdco, resulted in approximately $4,500,000.00 worth of damages. (*Id.* PageID.417.) If the veil is *not* pierced to hold Fietsam liable for Holdco's breach, "the misuse of the corporate structure will result in an unjust injury." (*Id.*) The Court finds this allegation sufficiently establishes an unjust loss.

The Court notes that Fietsam disputes Bloom's alter ego allegations through his counterstatement of facts and various exhibits. (*See* ECF 31.) However, whether the factual record will support Bloom's allegations is not an appropriate inquiry at the motion to amend stage. The Court need

8

only determine whether Bloom has put forth sufficient allegations that could support a piercing-the-corporate-veil theory and withstand a motion to dismiss. The Court, construing the complaint in a light most favorable to Bloom and drawing all reasonable inferences in Bloom's favor, finds that Bloom has pleaded enough to support piercing the corporate veil under Michigan law.

## C. State Court Proceedings

Fietsam briefly argues that Bloom's motion to amend should be denied because "it seeks to add allegations against Fietsam that he is currently also suing for in the Oakland County Circuit Court." (*Id.*, PageID.479.) Beyond attaching a copy of the state complaint and conceding that, while the state case is based on the same set of facts, the complaint raises *different* legal theories, Fietsam provides no additional information regarding the state case. Fietsam simply argues that "not only would the Second Amended Complaint subject Fietsam to conflicting rulings, but it would allow for the *possibility* of a double recovery." (*Id.* (emphasis added).) As Fietsam has provided no caselaw

9

or legal analysis in support of this argument, the Court is unpersuaded.[1]

## V. CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that Bloom's motion for leave to file a second amended complaint (ECF No. 28) is **GRANTED**.

**IT IS FURTHER ORDERED** that Bloom shall file his second amended complaint, in the form filed as ECF No. 28-2, **on or before January 30, 2026**.

**IT IS FURTHER ORDERED** that, because a motion to amend demands the same legal analysis as a motion to dismiss, Fietsam, notwithstanding the Court's prior scheduling order (*see* ECF No. 33), may *not* file a motion to dismiss *for failure to state a claim* subsequent to this order.

---

[1] To the extent Fietsam is attempting to raise an abstention argument under the *Colorado River* doctrine, the Court requires he *fully brief* the issue. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Romine v. Compuserve Corp.*, 160 F.3d 337, 339–341 (6th Cir. 1998).

**SO ORDERED**.

                                              **s/Jonathan J.C. Grey**
                                              JONATHAN J.C. GREY
DATE: January 12, 2026              United States District Judge

### Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 12, 2026.

                                **s/ S. Osorio**
                                Sandra Osorio
                                Case Manager